UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA BRACKENRIDGE,  
    Petitioner,

vs.

STATE OF OHIO,  
    Respondent.

Case No. 1:20-cv-956

Dlott, J.  
Litkovitz, M.J.

**ORDER AND REPORT  
AND RECOMMENDATION**

Petitioner has filed a petition in this Court challenging pending state-court criminal charges and seeking immediate release from custody. (Doc. 1).[1] Petitioner is granted leave to proceed *in forma pauperis*. However, for the reasons stated below, the petition should be dismissed.[2]

Petitioner brings his petition in connection with a state court criminal action currently pending in the Hamilton County Court of Common Pleas, case number B2003600.[3] (*See* Doc. 1 at PageID 1). Petitioner indicates that he contests the charges brought against him and seeks relief in the form of immediate release from custody. (*Id.* at PageID 1). Petitioner claims that

---

[1] Petitioner titled his petition as a "writ of mandamus." However, because petitioner seeks relief in the form of immediate release from pretrial custody, the undersigned construes the petition as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). In any event, as noted below, petitioner has not exhausted his available state-court remedies and therefore has not demonstrated that he is entitled to mandamus relief. *See Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) ("A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has *exhausted all other avenues of relief* and the defendant owes the plaintiff a clear nondiscretionary duty.") (emphasis added).

[2] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

[3] Attached to his petition, petitioner has included a motion apparently filed in the Warren County Court of Common Pleas, moving the state trial court to "dismiss all charges on the grounds of improper jurisdiction." (Doc. 1 at PageID 3).

although he has filed writs and motions in the Ohio courts, he has yet to receive timestamped copies of or rulings on his submissions. He also complains that the Hamilton County Sheriff has failed to transport him to child custody hearings. The Hamilton County Clerk of Court online docket for petitioner's criminal case indicates that petitioner is charged with one count of failure to comply with an order or signal of a police officer and robbery. The most recent docket entry in the case is a November 24, 2020 entry continuing the case until December 3, 2020.[4]

A pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only

---

[4] Viewed at https://www.courtclerk.org/ under Case No. B2003600. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 ␣F.3d 327, 332 n.3 (6th Cir. 1999)).

three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009). None of those exceptions apply here. Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.

In any event, even assuming, *arguendo*, that extraordinary circumstances exist to justify this Court's intervention in the ongoing state criminal proceedings, it appears that the petition is subject to dismissal because petitioner has not exhausted his available state court remedies before applying for federal habeas corpus relief.[5]

---

[5] As noted by petitioner, he has several motions pending in the state courts, which also seek relief in the form of immediate release from custody. These include a habeas corpus petition filed in the Hamilton County trial court and a petition for writ of mandamus filed in the Ohio Court of Appeals. In his state habeas corpus petition, for example, petitioner similarly seeks immediate release and dismissal of the pending charges on the basis of improper jurisdiction. It does not appear that petitioner has presented any of his claims to the Ohio Supreme Court.

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner is **GRANTED** leave to proceed *in forma pauperis*.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/3/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOSHUA BRACKENRIDGE,<br>     Petitioner, | Case No. 1:20-cv-956 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| STATE OF OHIO,<br>     Respondent. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).